| | | CM-010 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Ignacio Castillo<br>1690 Manzanita Ave.<br>San Leandro, CA. 94579<br><br>TELEPHONE NO.: (510) 506-9042   FAX NO.:<br>ATTORNEY FOR (Name): | | ENDORSED<br>FILED<br>SAN FRANCISCO COUNTY<br>SUPERIOR COURT<br><br>2014 MAR 19 PM 3:16<br><br>CLERK OF THE COURT<br>BY:<br>DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco<br>STREET ADDRESS:<br>MAILING ADDRESS: 400 McAllister<br>CITY AND ZIP CODE: San Francisco, CA. 94102<br>BRANCH NAME: | | |
| CASE NAME:<br>Castillo v. Laborers Local No. 261 Construction & General Laborers, et al | | |
| **CIVIL CASE COVER SHEET**<br>☑ Unlimited   ☐ Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | **Complex Case Designation**<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CGC-14-538081<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☒ Other non-PI/PD/WD tort (35)
   
   **Employment**
   ☐ Wrongful termination (36)
   ☑ Other employment (15)
   
   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)
   
   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)
   
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (specify): Sexual Harassment, Discrimination, IIED, Wrongful Termination
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 18, 2014

Ignacio Castillo
(TYPE OR PRINT NAME)                               ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**EXHIBIT A**

|  | **SUM-100** |
|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LABORERS LOCAL No. 261 CONSTRUCTION & GENERAL LABORERS, RAMON HERNANDEZ, DOES 1 through 10, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ignacio Castillo

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
400 McAllister
San Francisco, CA. 94102

**CASE NUMBER:** *(Número del Caso):* CGC 14-538081

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ignacio Castillo

DATE: MAR 19 2014                    CLERK OF THE COURT Clerk, by  M.A. MORAN    , Deputy
*(Fecha)*                                                  *(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A**

*1690 Manzanita Ave*

IGNACIO CASTILLO,
1690 Manzita AVE.
San Leandro, CA. 94579
Telephone: (510) 506-9042

Plaintiff
ENDORSED
FILED
SAN FRANCISCO COUNTY
SUPERIOR COURT

2014 MAR 19 PM 3: 16

CLERK OF THE COURT

BY: _____ DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIAIN AND FOR THE COUNTY

OF SAN FRANCISCO, UNLIMITED JURISDICTIION

| | |
|---|---|
| IGNACIO CASTILLO<br><br>Plaintiff,<br><br>vs.<br><br>LABORERS LOCAL No. 261<br>CONSTRUCTION & GENERAL<br>LABORERS, RAMON HERNANDEZ,<br>DOES 1 through 10, inclusive.<br><br>Defendants. | No. CGC 14-538081<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

### INTRODUCTION

This case is brought against Defendants for creating and maintaining a sexually hostile work environment, for failing to investigate and take prompt, remedial or appropriate action in response to complaints about sexual harassment, and for retaliating against Plaintiff for voicing his objections to the sexual harassment on the part of Ramon Hernandez and other Laborers Local No. 261 employees. This is a First filed complaint and Plaintiff reserves the right to Amend this Complaint at a future date.

1

Complaint for Damages

**EXHIBIT A**

## PARTIES AND JURISDICTION

1. Plaintiff Ignacio Castillo was, at all times relevant herein, an employee of Defendants.

2. Defendant Laborers Local No. 261, was listed as Plaintiff's employer on his pay stubs.

3. Defendant, Ramon Hernandez, was Plaintiff's Direct Supervisor. Mr. Hernandez's title was Business Manager.

4. Defendant, Dave De La Torre, was the Secretary Treasurer. He was also a superior of Mr. Castillo.

5. Defendants Does 1 through 10, are sued under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and such Defendants caused Plaintiff's damages as herein alleged.

6. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned each and every Defendant was the agent, servant, employee and/or representative of each and every other Defendant and was, in doing the things complained of herein, acting within the scope of agency, service, employment and/or representation, and that each and every Defendant herein is jointly and severally responsible and liable to Plaintiff for the damages alleged.

7. Jurisdiction is proper in this court as the acts

2

complained of occurred in San Francisco, California.

8. The amount in controversy exceeds limited jurisdiction.

9. On March 18, 2014, Plaintiff filed a complaint with the Department of Fair Employment and Housing. A Right to Sue letter was issued on March 18, 2014. In order to preserve the Statute, Plaintiff timely files this Complaint.

### III. FACTUAL BACKGROUND

Plaintiff began to work for Defendants in approximately June 2012. Plaintiff was working for San Mateo Local 389 when Local 389 was acquired, absorbed or merged by Defendant.

Plaintiff had two elected positions within San Mateo Local No. 389, Secretary of Treasury and Business Manager. Upon the notice of S.M Local No. 389 being acquired by San Francisco Laborers Local No. 261, Plaintiff was informed by Defendant that he would have to resign those positions.

The true names or capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and upon such information and belief alleges that the Defendants designated herein as DOES are responsible negligently or otherwise, in some matter, for the events and happenings herein referred to and negligently or otherwise unlawfully and legally and proximately caused injuries and damages to Plaintiff. Plaintiff will amend this Complaint to allege the true names and capacities of these DOE Defendants

Complaint for Damages
**EXHIBIT A**

when ascertained.

2. At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants. Furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all said Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.

3. At all times herein mentioned, Defendants, and each of them, were members of and engaged in a joint venture and common enterprise and were acting within the course and scope of and in pursuance of said joint venture and common enterprise.

4. At all times herein mentioned, the acts and omissions of the various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in legally and proximately causing the injuries and damages as herein alleged.

5. At all times herein alleged, Defendants, and each of them, ratified each and every act or omission complained of herein.

6. At all times herein mentioned, Defendants LABORERS LOCAL No. 261 CONSTRUCTION & GENERAL LABORERS, RAMON HERNANDEZ, and DOES 1 through 10, inclusive, and each of them

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

4

Complaint for Damages
**EXHIBIT A**

SECOND CAUSE OF ACTION

COMES NOW Plaintiff IGNACIO CASTILLO, and for a second and separate cause of action against Defendants, and each of them, alleges as follows:

7. Plaintiff incorporates herein as though fully set forth at length paragraphs 1-6 of the first cause of action herein.

8. DAVE DE LA TORRE, acting as Secretary Treasurer, wrongfully and willfully withheld payments and benefits from to Plaintiff. This Discrimination is as follows:

9. DAVE DE LA TORRE knew or reasonably should have known that his actions were causing Plaintiff economic harm.

10. After Plaintiff brought this up to the Defendant, DE LA TORRE continued to wrongfully withheld payments.

11. Additionally, DE LA TORRE discriminated against Plaintiff by knowingly and willfully allowing other similarly situated employees certain benefits while not allowing these benefits . These benefits included, but were not limited to, Life Insurance options, 401k and Deferred Compensation Packages.

WHEREFORE Plaintiff prays for judgement against Defendants, and each of them, as follows:

1. For general damages in a sum to be determined at time of trial;

2. For all special and incidental damages according to

5

proof;

3. For pre-judgment and post-judgment interest as provided by law;

4. For all costs of suit herein incurred; and

5. For such other and further relief as the Court may deem just and proper in the premises.

DATED: 3/19/14

_____
Ignacio Castillo
Plaintiff

Complaint for Damages

**EXHIBIT A**

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Castillo v. Laborers Local 261 Construction & General Laborers, et al. | |

____One____  CAUSE OF ACTION—Intentional Tort  Page __7__
(number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Ignacio Castillo

alleges that defendant *(name):* Ramon Hernandez

☑ Does __1__ to __10__

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):* Oct 2012-March 2013
at *(place):* Several job sites in San Francisco

*(description of reasons for liability):*

Ramon Hernandez continuously harassed Ignacio Castillo. The verbal abuse included but was not limited to insults about physical appearance (haircut and clothes), sexual orientation (calling Mr. Castillo a 'Jotito' which translates to 'little faggot'), insults based on Nationality, questioning Mr. Castillo's manhood, insulting Mr. Castillo for his physical disability which he suffered while working, and other continuous and systematic verbal abuse and discrimination.

The regular harassment caused Mr. Castillo a great deal of stress, depression and other physical ailments.

Mr. Hernandez was in a leadership role as Business Manager. Further, other higher ups were aware of the harassment and did not act.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

CAUSE OF ACTION–Intentional Tort

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**EXHIBIT A**

CASE NUMBER: CGC-14-538081 IGNACIO CASTILLO VS. LABORERS UNION NO 261 CONS

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

> DATE: AUG-20-2014
>
> TIME: 10:30AM
>
> PLACE: Department 610
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
> **(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.

**EXHIBIT A**



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution Program Information Package



> The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 3.221(c))

## WHAT IS ADR?
Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to court.

## WHY CHOOSE ADR?
"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial." (Local Rule 4)

ADR can have a number of advantages over traditional litigation:
- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

## HOW DO I PARTICIPATE IN ADR?
Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's ADR programs by any of the following means:
- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet) at the clerk's office located at 400 McAllister Street, Room 103;
- Indicating your ADR preference on the Case Management Statement (also attached to this packet); or
- Contacting the court's ADR office (see below) or the Bar Association of San Francisco's ADR Services at 415-782-8905 or www.sfbar.org/adr for more information.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA  94102
415-551-3876

*Or, visit the court ADR website at www.sfsuperiorcourt.org*

**EXHIBIT A**

The San Francisco Superior Court offers different types of ADR processes for general civil matters; each ADR program is described in the subsections below:

## 1) SETTLEMENT CONFERENCES

The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute early in the litigation process.

**(A) THE BAR ASSOCIATION OF SAN FRANCISCO (BASF) EARLY SETTLEMENT PROGRAM (ESP):** ESP remains as one of the Court's ADR programs (see Local Rule 4.3) but parties must select the program – the Court no longer will order parties into ESP.

**Operation:** Panels of pre-screened attorneys (one plaintiff, one defense counsel) each with at least 10 years' trial experience provide a minimum of two hours of settlement conference time, including evaluation of strengths and weakness of a case and potential case value. On occasion, a panelist with extensive experience in both plaintiff and defense roles serves as a sole panelist. BASF handles notification to all parties, conflict checks with the panelists, and full case management. The success rate for the program is 78% and the satisfaction rate is 97%. Full procedures are at: www.sfbar.org/esp.

**Cost:** BASF charges an administrative fee of $295 per party with a cap of $590 for parties represented by the same counsel. Waivers are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) MANDATORY SETTLEMENT CONFERENCES:** Parties may elect to apply to the Presiding Judge's department for a specially-set mandatory settlement conference. See Local Rule 5.0 for further instructions. Upon approval of the Presiding Judge, the court will schedule the conference and assign the case for a settlement conference.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement, before incurring the expense of going to court, that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law. A mediator strives to bring the parties to a mutually beneficial settlement of the dispute.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO,** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending.

**Operation:** Experienced professional mediators, screened and approved, provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. The BASF website contains photographs, biographies, and videos of the mediators as well as testimonials to assist with the selection process. BASF staff handles conflict checks and full case management.

**EXHIBIT A**

Mediators work with parties to arrive at a mutually agreeable solution. The success rate for the program is 64% and the satisfaction rate is 99%.

**Cost:** BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the administrative fee are available to those who qualify. For more information, call Marilyn King at 415-782-8905, email adr@sfbar.org or see the enclosed brochure.

**(B) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private mediation. Parties may elect any private mediator or mediation organization of their choice; the selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

### 3) ARBITRATION

An arbitrator is neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION:** When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial.

**Operation:** Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed.

Local Rule 4.2 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after the filing of a complaint. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

**Cost:** There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION:** Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE THE ATTACHED STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF TO ENROLL IN THE LISTED BASF PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF COMPLETED STIPULATIONS TO BASF.</u>

ADR-1 12/22 (ja)   Page 3

**EXHIBIT A**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: <br><br> DEPARTMENT 610 |

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Early Settlement Program of the Bar Association of San Francisco (BASF)** - Pre-screened experienced attorneys provide a minimum of 2 hours of settlement conference time for a BASF administrative fee of $250 per party. Waivers are available to those who qualify. BASF handles notification to all parties, conflict checks with the panelists, and full case management. www.sfbar.org/esp

☐ **Mediation Services of BASF** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $250 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org

☐ **Other ADR** process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____

3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| Name of Party Stipulating | Name of Party Stipulating |
| Name of Party or Attorney Executing Stipulation | Name of Party or Attorney Executing Stipulation |
| Signature of Party or Attorney | Signature of Party or Attorney |
| ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | ☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  07/12         STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

**EXHIBIT A**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT <br> (Check one): ☐ UNLIMITED CASE ☐ LIMITED CASE <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | CASE NUMBER: |
|---|---|

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:    Time:    Dept.:    Div.:    Room:

Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**EXHIBIT A**

|  | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**EXHIBIT A**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**EXHIBIT A**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

### 11. Insurance
a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

### 12. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*

Status:

### 13. Related cases, consolidation, and coordination
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

### 14. Bifurcation
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

### 15. Other motions
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

### 16. Discovery
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**EXHIBIT A**

|  |  |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

CM-110

### 17. Economic litigation

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

### 18. Other issues

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

### 19. Meet and confer

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

### 20. Total number of pages attached *(if any):*

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)

_____  ▶ _____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**EXHIBIT A**